ELECTRONICALLY FILED - 2024 May 22 4:25 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003189

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **CASE NO.:** |
| **COUNTY OF RICHLAND** | ) | |
| | ) | |
| **Dontiz Lyles,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **SUMMONS** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Walmart, Inc., Wal-Mart Stores East, LP, and Chad Thomas,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer upon the subscriber at 1418 Park Street, Columbia, South Carolina, within thirty (30) days, thirty-five (35) days if service is by certified mail, exclusive of the day of said service, and if you fail to answer, appear or defend this action within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**STANLEY LAW GROUP**

s/Breon C. M. Walker
**Breon C. M. Walker**
**S.C. Bar No.: 72030**
**H. Ronald Stanley**
**Mark B. Stanley**
**Samuel M. Mokeba**
Attorneys for Plaintiff
1418 Park Street
Post Office Box 7722
Columbia, South Carolina 29202
Telephone: (803) 799-4700
Fax: (803) 799-3036
Email: bwalker@stanleylawsc.com

Columbia, South Carolina
Dated: May 22, 2024

ELECTRONICALLY FILED - 2024 May 22 4:25 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003189

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **CASE NO.:** |
| **COUNTY OF RICHLAND** ) | |
| **Dontiz Lyles,** ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** ) | |
| **vs.** ) | |
| **Walmart, Inc., Wal-Mart Stores East, LP,** ) | |
| **and Chad Thomas** ) | |
| **Defendants.** ) | |

The plaintiff, above named, complaining of the defendant, herein, would respectfully show:

1. That the plaintiff is a resident and citizen of the County of Beaufort, State of South Carolina.

2. That the defendant, Walmart, Inc., is and was a corporation organized and existing under the laws of one of the states of the United States and is licensed and authorized to transact business in the County of Richland, State of South Carolina.

3. That the defendant, Wal-Mart Stores East, LP, is and was a limited partnership organized and existing under the laws of one of the states of the United States and is licensed and authorized to transact business in the County of Richland, State of South Carolina.

4. That the defendant, Chad Thomas, is the store manager of Wal-Mart Store No. 2214, and is a resident and citizen of the County of Richland, State of South Carolina.

5. That upon information and belief, the defendants are and were in possession of that certain business known as Walmart Supercenter, Facility Number 2214, located at 5420 Forest Drive, Columbia, South Carolina, said business being that of a retail store open to the general public, including plaintiff, herein.

ELECTRONICALLY FILED - 2024 May 22 4:25 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003189

6. That this court has jurisdiction of the parties and the subject matter herein as the slip and fall at issue in this action occurred in Richland County, State of South Carolina.
7. That on or about May 23, 2021, plaintiff, Dontiz Lyles, was a customer in defendants' store, Facility Number 2214, located at 5420 Forest Drive, Columbia, South Carolina.
8. That at that time and place, plaintiff was a business invitee of the defendants, lawfully upon the premises, and the defendants owed plaintiff a duty to exercise reasonable care for his safety.
9. That as plaintiff walked through the store, plaintiff suddenly slipped and fell in a liquid substance on the floor causing plaintiff to fall to the ground inside of defendants' store.
10. That as a direct and proximate result of the negligence of the defendants, plaintiff suffered great physical harm and injury including past, present and future pain and suffering, medical expenses, mental anguish, impairment and loss wages. The losses are either permanent or continuing and plaintiff will continue to suffer the losses in the future.
11. That at the time of this incident, the defendants did not have any warning signs in the area where plaintiff fell warning him of the liquid substance on the floor and to warn him of the danger.
12. That the defendants were negligent in one or more of the following particulars to wit:
    a. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including failing to take affirmative action to ensure its business invitees are free from unreasonable harm;
    b. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including not training its employees to take affirmative action in making sure its business invitees can safely shop, including plaintiff, thereby creating a hazardous condition to members of the public, including plaintiff;

ELECTRONICALLY FILED - 2024 May 22 4:25 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003189

c. In negligently failing to correct or adequately correct the unreasonably dangerous condition, including the conspicuous pool of water and/or liquid substance on the floor, thereby creating an unreasonably dangerous condition for business invitees, including plaintiff;

d. In negligently failing to conspicuously place a wet floor sign in the location of the liquid substance on the floor to warn business invitees of the unreasonably dangerous condition that existed, thus creating a hazardous condition to members of the public and thus creating an unreasonably dangerous condition for plaintiff;

e. In negligently failing to train and/or inadequately training its employees to protect the health and safety of business invitees of the defendant, including plaintiff, herein;

f. In negligently failing to have sufficient corporate policies and/or in failing to follow its own corporate policy(ies) regarding the safety of business invitees, including plaintiff;

g. In negligently failing to act reasonably under the circumstances;

h. In negligently failing to render aid to plaintiff after the subject incident and/or negligently rendering aid to plaintiff after the subject incident; and

i. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

All or one of which was the direct and proximate cause of the injuries and damages sustained by plaintiff, said acts being in violation of the statute laws of the State of South Carolina.

13. That plaintiff is informed and believes that prior to his fall, the defendants, through their employees, agents or servants, had actual and/or constructive knowledge of the water and/or liquid substance on the floor in the area where plaintiff slipped and fell.

14. That plaintiff is informed and believes that he is entitled to judgment against the defendant for actual and punitive damages in an amount to be determined by the trier of fact.

ELECTRONICALLY FILED - 2024 May 22 4:25 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003189

**WHEREFORE**, plaintiff, Dontiz Lyles, prays for judgment against the defendants for actual and punitive damages in an amount to be determined by the trier of fact, for the cost of this action, and for such other and further relief as this court may deem just and proper.

**STANLEY LAW GROUP**

s/Breon C. M. Walker
**Breon C. M. Walker**
**S.C. Bar No.: 72030**
**H. Ronald Stanley**
**Mark B. Stanley**
**Samuel M. Mokeba**
Attorneys for Plaintiff
1418 Park Street
Post Office Box 7722
Columbia, South Carolina 29202
Telephone: (803) 799-4700
Fax: (803) 799-3036
Email: bwalker@stanleylawsc.com

Columbia, South Carolina
Dated: May 22, 2024